**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4086**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACKIE BAGLEY, a/k/a Bruce, a/k/a Juice, a/k/a Juicy,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:17-cr-00475-ELH-5)

Submitted: July 19, 2019                           Decided: July 31, 2019

Before FLOYD and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Julie M. Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Baltimore, Maryland, for Appellant. Matthew DellaBetta, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Bagley appeals the 144-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and detectible amounts of cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. § 846 (2012). Bagley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed an unreasonable sentence by: (1) applying an incorrect criminal history category in calculating Bagley's Sentencing Guidelines range; and (2) failing to consider Bagley's allocution and the harsh conditions of his pretrial confinement in support of his request for a lower sentence. Bagley was advised of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first examine the sentence for "significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explaining the chosen sentence. *Gall*, 552 U.S. at 51. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

If we find no procedural error, we also must consider the substantive reasonableness of the sentence under the totality of the circumstances. *Gall*, 552 U.S. at 51. A sentence within a properly calculated Guidelines range is presumed reasonable. *United States v.*

2

*White*, 810 F.3d 212, 230 (4th Cir. 2016). Bagley bears the burden to rebut that presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel questions whether the district court miscalculated Bagley's criminal history category by assessing one point for his 2012 Maryland conviction for attempting to elude police, *see* U.S. Sentencing Guidelines Manual § 4A1.1(c) (2018), and two points because he committed the instant federal offense while under a criminal justice sentence for that Maryland conviction, *see* USSG § 4A1.1(d). Under the Guidelines, a prior sentence is not counted toward a defendant's criminal history if it was imposed for conduct that is "part of the instant offense." USSG § 4A1.2(a)(1). Conduct is part of the instant offense if it qualifies as relevant conduct. USSG § 4A1.2 cmt. n.1. Relevant conduct includes all conduct by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," USSG § 1B1.3(a)(1), as well as all conduct by the defendant "that w[as] part of the same course of conduct or common scheme or plan as the offense of conviction," USSG § 1B1.3(a)(2).

Even accepting counsel's representations during the sentencing hearing regarding Bagley's 2012 attempt to elude offense, Bagley fell far short of demonstrating that any drug possession incident to that offense was relevant conduct to his federal offense. Because the Maryland offense otherwise satisfied the requirements of USSG § 4A1.1(c) and (d), we conclude the district court did not err in assigning criminal history points based on that offense.

3

Counsel also questions whether the district court failed to adequately consider Bagley's mitigating statements in allocution and the difficult conditions of his pretrial confinement in evaluating his pro se request for a sentence below the parties' Fed. R. Crim. P. 11(c)(1)(C) stipulation. To the contrary, the court acknowledged Bagley's request for a sentence lower than the stipulated sentence but properly recognized that it could only impose such a sentence if Bagley's guilty plea were withdrawn, which could be detrimental to him. *See* Fed. R. Crim. P. 11(c)(1)(C), (5); *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018). Bagley ultimately confirmed that he believed the 144-month sentence was appropriate and that he did not wish to withdraw his plea. Further, in accepting the stipulated sentence, the court expressly credited a mitigating factor that Bagley raised in allocution, further demonstrating its consideration of his pro se arguments. With respect to the conditions of Bagley's confinement, Bagley raised no argument in mitigation on this basis, and no evidence of record supports Bagley's assertion that those conditions were particularly harsh. Thus, we conclude that the district court was not required to give additional consideration to these factors in sentencing Bagley.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bagley's conviction and sentence. This court requires that counsel inform Bagley, in writing, of the right to petition the Supreme Court of the United States for further review. If Bagley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bagley.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*